UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES ADAMS,

          Plaintiff,                   Case No. 2:20-cv-99

v.                                         Honorable Paul L. Maloney

THOMAS O. MOHRMAN,

          Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The

events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues Hearings Officer Thomas O. Mohrman.

Plaintiff alleges that on March 28, 2018, he was charged with major misconducts of assault and battery (staff victim), assault resulting in serious physical injury (staff victim), possession of a weapon, and disobeying a direct order. Plaintiff was found guilty on all counts by Defendant Mohrman on April 5, 2018. Plaintiff requested video footage, but Defendant Mohrman stated that there was no video of the incident resulting in the first charge. The only video footage that he had was footage of Plaintiff assaulting Officer Phillips, which was the subject of the second charge. However, Plaintiff believes that there was video footage, because it was referenced in the response to a grievance he filed asserting excessive force by a staff member. Plaintiff's appeal was denied on June 28, 2018.

Plaintiff seeks damages and injunctive relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Hearing Officer as Defendant

The only defendant named in this case is Hearings Officer Thomas O. Mohrman. The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity from damages in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); Mich. Comp. Laws §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993)

(same). Plaintiff's action fails because Defendant hearings officer is absolutely immune from suit for damages under the circumstances of this case.

Moreover, injunctive relief is not available under § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

### IV. Due Process

In addition, Plaintiff's due process claim lacks merit. Plaintiff appears to be asserting that Defendant Mohrman violated his rights falsely asserting that video footage was not available to show the incident that was the basis for the first charge against him. The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set

4

forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995).

Plaintiff fails to allege any specific facts regarding the consequences of his major misconduct charges and convictions. Plaintiff has not alleged a deprivation that will inevitably affect the duration of his sentence. A prisoner like Plaintiff, who is serving an indeterminate sentence for an offense committed after 2000, can accumulate "disciplinary time" for a major misconduct conviction. *See* Mich. Comp. Laws § 800.34. Disciplinary time is considered by the Michigan Parole Board when it determines whether to grant parole. *Id.* § 800.34(2). It does not necessarily affect the length of a prisoner's sentence because it is "simply a record that will be presented to the parole board to aid its [parole] determination." *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011).

As to the second category, Plaintiff has not alleged that he suffered a "significant and atypical deprivation." As noted above, Plaintiff fails to allege any facts regarding his punishment for the the misconduct convictions. Assuming that Plaintiff was confined to administrative segregation, such confinement "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature

and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th. Cir. 2008). Plaintiff fails to allege facts showing he was subjected to an "atypical and significant hardship."

Nor does Plaintiff make specific allegations regarding the loss of yard and phone privileges, the loss of prison employment, or the loss of ability to participate in a religious program. Nevertheless, such deprivations are expected consequences of confinement in segregation. If a prisoner's confinement in segregation does not implicate a protected liberty interest, it follows that the loss of privileges stemming from that confinement do not implicate such an interest. Furthermore, federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs under the Fourteenth Amendment. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (no constitutional right to rehabilitation); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services). Moreover, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 69 F. App'x at 680 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), and *James v.*

6

*Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)). For the foregoing reasons, Plaintiff's due process claim is properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: August 10, 2020          /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge

7